UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL TEKLEMARIAM HAGOS,

    Plaintiff,

v.

GOODMAN, HANNING, KING COUNTY JAIL,

    Defendant.

CASE NO. 2:23-cv-00433-RSL-DWC

REPORT AND RECOMMENDATION

Noting Date: May 26, 2023

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Daniel Teklemariam Hagos, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. The Court screened Plaintiff's Complaint under 28 U.S.C. §1915A, found the Complaint contained deficiencies that required curing, and gave Plaintiff leave to file an amended complaint. Dkt. 7. On April 19, 2023, Plaintiff filed an Amended Complaint. Dkt. 9. The Court has reviewed the Amended Complaint and finds Plaintiff has failed to state a claim upon which relief can be granted. The Court also finds granting further leave to amend is not warranted. Therefore, the Court recommends this action be dismissed without prejudice and this dismissal constitute a strike under 28 U.S.C. § 1915(g).

## I. Background

In the Amended Complaint, Plaintiff, a pretrial detainee housed in the King County Jail ("Jail"), alleges Defendant Goodman, an employee of the Jail, verbally harassed Plaintiff and touched Plaintiff's skin when putting a wristband on Plaintiff. Dkt. 9. Plaintiff also alleges Defendant Hannings violated Plaintiff's rights because Defendant Hannings was informed of Defendant Goodman's conduct though the grievance process and did not protect Plaintiff. *Id*. Plaintiff contends the Jail is liable for negligent and intentional infliction of emotional distress because of Defendants Goodman and Hannings conduct. *Id*.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

1  To satisfy the second prong, a plaintiff must allege facts showing how individually
2  named defendants caused, or personally participated in causing, the harm alleged in the
3  complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350,
4  1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when
5  committing an affirmative act, participating in another's affirmative act, or omitting to perform an
6  act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping
7  conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d
8  at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the
9  defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S.
10  378, 385-90 (1989).

11  In the Amended Complaint, Plaintiff contends Defendant Goodman verbally harassed him
12  on one occasion and touched Plaintiff's wrist when putting a wristband on Plaintiff. Dkt. 9.
13  Plaintiff states Defendant Hannings did not take action to protect Plaintiff from Defendant
14  Goodman, despite being put on notice of Defendant Goodman's conduct in a grievance. *Id*.

15  Allegations of verbal harassment and abuse are not sufficient to state a claim for relief
16  under §1983. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Moreover, not
17  "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v.*
18  *McMillian*, 503 U.S. 1, 9 (1992). Here, Plaintiff's allegations that Defendant Goodman verbally
19  harassed him and touched him on one occasion are not sufficient to state a constitutional violation.
20  *See Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) (finding no constitutional violation
21  when the only physical contact alleged was a brief brush of a guard's leg against the inmate's leg).
22  As Plaintiff has not alleged facts sufficient to show Defendant Goodman violated his constitutional
23  rights, the Court finds Plaintiff's allegations that Defendant Hannings did not protect Plaintiff from
24  Defendant Goodman's conduct is meritless. Furthermore, Plaintiff's complaints that Defendant

1  Hannings did not take proper action after receiving notification of Defendant Goodman's conduct
2  through the grievance process are insufficient. *See* Dkt. 9. Plaintiff does not allege Defendant
3  Goodman engaged in unconstitutional activities after Plaintiff notified Defendant Hannings. *See*
4  *Buckelew v. Lovelace*, 2023 WL 2254924, at *6-7 (S.D. Cal. Feb. 27, 2023) (finding no liability
5  for supervisors who became aware of the alleged unconstitutional conduct through the grievance
6  process after the events occurred). And, the allegations are conclusory and fail to show what
7  actions Defendant Hannings took that violated Plaintiff's constitutional rights. For these reasons,
8  the Court finds Plaintiff has not sufficiently alleged a constitutional violation against Defendants
9  Goodman and Hannings.

10  Plaintiff has also named the King County Jail as a defendant. Dkt. 1. Plaintiff asserts the
11  Jail is liable for negligent and intentional infliction of emotional distress based on the conduct of
12  Defendants Goodman and Hannings. Dkt. 9. The Jail is not a legal entity capable of being sued.
13  Therefore, Plaintiff's claims against the Jail should be dismissed. Furthermore, Plaintiff alleges
14  the Jail inflicted emotional distress both negligently and intentionally. Plaintiff complains of
15  intentional acts done by Defendants Goodman and Hannings that would make the Jail liable for
16  infliction of emotional distress. As such, Plaintiff's claim for negligent infliction of emotional
17  distress should also be dismissed because the acts on which the claim is based are intentional.
18  *See, e.g., St. Michelle v. Robinson,* 759 P.2d 467 (Wash. Ct. App.1988) (intentional acts of
19  sexual abuse did not give rise to cause of action for negligent infliction of emotional distress).
20  Additionally, "[o]utrage requires proof of three elements: (1) extreme and outrageous conduct,
21  (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of
22  severe emotional distress." *Robinson v. Pierce Cnty.*, 539 F. Supp. 2d 1316, 1332 (W.D. Wash.
23  2008) (citing *Kloepfel v. Bokor*, 149 Wn.2d 192, 195 (2003)). Plaintiff's allegations related to
24  Defendants Goodman and Hannings fail to show extreme and outrageous conduct. Plaintiff

complains Defendant Goodman made statements to Plaintiff and touched his wrist on one occasion. Dkt. 9. He contends Defendant Hannings did not protect him from further actions, which did not occur. Plaintiff's allegations fail to show extreme or outrageous conduct. The Court, therefore, finds the claims against the Jail should be dismissed.

In sum, the Court finds Plaintiff has not stated a claim upon which relief can be granted in the Amended Complaint.

### III.    Leave to Amend

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The Court provided Plaintiff notice of the deficiencies of his Complaint and directed Plaintiff to file an amended complaint that cured the deficiencies. Despite the notice, as discussed above, Plaintiff's Amended Complaint did not cure the deficiencies of his Complaint. As the Court has provided Plaintiff with leave to amend, the Court recommends Plaintiff not be given additional leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

### IV. Conclusion

For the above stated reasons, the Court finds Plaintiff has failed to state a claim upon which relief can be granted and further leave to amend should be denied. Therefore, the Court recommends this case be dismissed and the dismissal count as a "strike" under 28 U.S.C. §1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 26, 2023, as noted in the caption.

Dated this 8th day of May, 2023.

David W. Christel
Chief United States Magistrate Judge