1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10
11
12
13

DANIEL TEKLEMARIAM HAGOS,

       Plaintiff,

      v.

GOODMAN, HANNING, KING COUNTY
JAIL,

       Defendants.

Case No. C23-433RSL-DWC

ORDER ADOPTING
REPORT &
RECOMMENDATION

14
15
16

     The Court, having reviewed the Report and Recommendation of Magistrate Judge David
W. Christel (Dkt. # 10), plaintiff's objections to the Report and Recommendation (Dkt. # 11),
and the remaining record, does hereby find and ORDER:

17
18
19
20
21
22

     (1) The Court adopts the Report and Recommendation with the exception of the Report's
discussion of plaintiff's negligent infliction of emotional distress and intentional infliction of
emotional distress claims against King County Jail. *See* Dkt. # 10 at 4-5. The Court finds it
unnecessary to reach the merits of these claims, as plaintiff has failed to state a cognizable claim
under section 1983.[1] As the Report notes, the Jail is not a proper defendant for plaintiff's section

23
24
25
26
27
28

    [1] The Court notes that while plaintiff labels these claims as negligent infliction of emotional
distress" and "intentional infliction of emotional distress/outrage, Dkt. # 9 at 7-8, his overall complaint
is styled as a request for relief under 42 U.S.C. § 1983, *id.* at 1; Dkt. # 11 at 1. Given this, and the fact
that this Court would not have jurisdiction to hear plaintiff's tort claims, as there is no diversity of
citizenship present in this case, *see* 28 U.S.C. § 1332, the Court construes plaintiff's claims as seeking
relief under section 1983. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "a document
filed pro se is 'to be liberally construed,'" and "a pro se complaint, however inartfully pleaded, must be
held to less stringent standards than formal pleadings drafted by lawyers" (quoting *Estelle v. Gamble*,
429 U.S. 97, 106 (1976))).

ORDER ADOPTING REPORT &
RECOMMENDATION - 1

1983 claim. *Id.* at 4; *see e.g., Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality." (citation omitted)). However, even if it were, plaintiff's claim against the Jail rests exclusively on the actions of defendants Goodman and Hanning. Dkt. # 9 at 7-8. A local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). As plaintiff makes no claim that defendants Goodman and Hanning were acting pursuant to a municipal custom or policy, *id.* at 694; Dkt. # 9 at 7-8, the Court finds that he has failed to state a claim upon which relief can be granted.

(2) The Complaint fails to state a claim upon which relief can be granted. Therefore, this action is dismissed. This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).

(3) The Clerk is directed to send copies of this Order to Plaintiff and to the Hon. David W. Christel.

DATED this 5th day of June, 2023.

*MAR S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER ADOPTING REPORT &
RECOMMENDATION - 2